[No. 11887.  Department Two.  July 13, 1914.]

J. E. CHILBERG, *Appellant*, v. J. A. COLCOCK *et al.*, *Respondents*.[1]

EXPLOSIVES—NEGLIGENCE—CAUSE OF EXPLOSION—EVIDENCE—SUFFICIENCY. Recovery for negligence in installing gasoline tanks in a launch, in that a pipe leading to one of the tanks was not properly fitted, is properly denied on the ground that the cause of an explosion, when the tanks were first filled, was not proven but left to conjecture, where it does not appear that any gasoline leaked from the pipe in question, but only that it might have done so, and that the explosion was caused by gasoline leaking on the engine and which might have come from the deck when the other two tanks were filled, or from the supply pipes from one of the other tanks.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered December 3, 1913, upon

[1]Reported in 141 Pac. 888.

findings in favor of the defendants, in an action in tort, tried to the court. Affirmed.

*William Wray*, for appellant.

*Trefethen & Grinstead*, for respondents.

Mount, J.—This action was brought to recover damages caused by an explosion on the plaintiff's gasoline launch. The basis of the complaint is that the defendants negligently, carelessly, and unskillfully installed gasoline tanks in the launch. Upon issues joined, the cause was tried to the court without a jury. At the close of the plaintiff's evidence, the court denied a recovery, and gave judgment in favor of the defendants for the work done. The plaintiff has appealed.

It appears that, in July, 1913, the plaintiff owned a small gasoline launch. The engine was located about the middle of the hull. The gasoline tank was located forward of the engine. The hull was decked over by an oval deck from a little aft the engine and extending to the bow. Immediately over the engine, were two doors, swinging on hinges, which doors opened upward, exposing the engine. These doors when closed formed a part of the oval deck. The plaintiff desired to install two additional gasoline tanks, one on each side of the engine, within the covered portion of the launch. The tanks were ordered from the defendants and were supplied by them. At the request of the agent of the plaintiff, one of the defendants' men was sent to install, and did install, the tanks in the boat. This work took several hours. The plaintiff's agent was at the boat during each hour the work was in progress.

After the work was finished, the plaintiff's agent ran the boat to the dock of the Union Oil Works, in Seattle, a distance of about two miles, for the purpose of having the three tanks filled with gasoline. While the tanks were being filled, the engine was left running. The forward tank was

first filled. Then one of the new tanks was filled. In order to fill these tanks, it was necessary to open a deck plate immediately over each tank, which deck plate opened a pipe leading to the tanks. Then a funnel was placed in the opening and a hose carried gasoline into the funnel. When a tank was being filled, the testimony shows that gasoline would bubble out of the tank through the deck plate and run upon the deck of the boat. When the last tank was nearly full, an explosion occurred, which damaged the boat. After the explosion, an examination was made in an endeavor to find the cause thereof. Mr. Dunlap, the agent of the plaintiff, and who had the work done upon the boat, discovered that the pipe which led from the tank to the surface of the deck of the boat, was not screwed into the deck plate, but that the threads had been filed and the pipe forced into the deck plate. The testimony shows this was not a workmanlike way of making this connection, but that the deck plate should have been screwed upon the pipe; and if it had been screwed upon the pipe, gasoline could not have leaked into the body of the boat. This was the negligence and unskillful work which was alleged in the complaint. Another witness for the plaintiff, who examined the boat after the accident, testified:

"The tanks and connections to the engine were so badly deranged by the explosion that I could not tell whether they were properly installed or not."

Mr. Dunlap, the agent of the plaintiff, testified, that the explosion was caused by gasoline leaking on the engine and the magneto ignited the gasoline vapor in the compartment. It is plain from the evidence that this was the cause of the explosion. But it is not shown where the gasoline came from that caused the explosion. It may have come from the deck while the other two tanks were being filled; it may have come from gasoline which was spilled upon the deck when the last tank was being filled; or it may have come

from a leak in the supply pipes from one of the other tanks. There is no evidence in the record which shows where the gasoline came from which caused the explosion. As was said by this witness, and by other witnesses, "that is conjecture." And the court who heard and saw the witnesses concluded and stated that the evidence failed to disclose how the gasoline which caused the explosion came upon the engine. A careful reading of all the evidence in the case fails to disclose that the cause of the explosion was the improper fitting, if it was improperly made. The rule, in cases of this character, is as stated in *Stratton v. Nichols Lumber Co.*, 39 Wash. 323, 81 Pac. 831, 109 Am. St. 881, quoting from *Hansen v. Seattle Lumber Co.*, 31 Wash. 604, 72 Pac. 457, as follows:

"But there must be some evidence, either direct or circumstantial, that there was negligence on the one side, an injury resulting in damages on the other, and that the injury and damages followed the negligence, and were produced thereby . . . it is not proving his case by circumstantial evidence for the respondent to show that there were causes, for which the appellant would be liable, which could have produced the injury, without showing that it could not have been produced in any other manner, or in any manner for which the appellant would not be liable."

So in this case, it was necessary for the appellant to show, either by positive evidence that the gasoline escaped from this particular fitting, or that the gasoline could not have escaped from some cause for which the respondents would not be liable. It is possible, of course, in this case, that the gasoline escaped from this particular fitting. But it is just as possible that the gasoline escaped from some other cause, and that the explosion was the result thereof, and not of gasoline which escaped from this particular fitting; because it is not shown that any gasoline actually escaped from this particular fitting, or that it could escape. The evidence shows that it might have escaped from this

fitting, but that is as far as it goes. We are satisfied, therefore, that the court properly refused a recovery on the part of the appellant.

The judgment is therefore affirmed.

CROW, C. J., PARKER, and MORRIS, JJ., concur.